PEOPLE v. SEATON.

1. CRIMINAL LAW—OTHER OFFENSES—EVIDENCE.
     If proffered testimony tends to prove the offense charged,
     it is not incompetent because it also tends to prove the
     commission of another offense.[1]

2. SAME—INTOXICATING LIQUORS—TESTIMONY OF SALE ADMISSIBLE
     TO PROVE POSSESSION.
     In a prosecution for violating the prohibition law on an
     information containing two counts, one for illegal sale
     and the other for illegal possession, where testimony of
     the illegal sale had been offered, testimony of another sale
     was admissible, not to prove another sale, but to prove
     illegal possession.[2]

Exceptions before judgment from Mecosta; Barton
(Joseph), J.     Submitted June 17, 1926.     (Docket
No. 126.)     Decided July 22, 1926.

Harvey Seaton was convicted of violating the liquor
law.     Affirmed.

*Martin V. Cook,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Fred
R. Everett,* Prosecuting Attorney, for the people.

BIRD, C. J.     Defendant was informed against in the
Mecosta circuit court for a violation of the prohibition
law.     The information contained two counts, one for
making a sale of intoxicating liquor and one for having
in his possession intoxicating liquor.     To maintain
the first count the prosecutor showed by the two boys
that they bought a pint of liquor from defendant on
the date stated.     To maintain the second count the

---

[1]Criminal Law, 16 C. J. § 1134; [2]Intoxicating Liquors, 33 C. J.
§ 504.

prosecutor showed another sale and delivery of intoxicating liquor by defendant to Arthur Jensen on the same date. This latter testimony was objected to on the ground that it was an attempt to prove one offense by showing a similar offense at another time. The testimony of the two boys, Cartright and Peavey, proved the first count charging a sale. The second count charging possession was established by Jensen's testimony. He testified that he bought two quarts of whisky of defendant and that he delivered it to him on the day mentioned. If defendant sold and delivered to Jensen two quarts of liquor he must have had possession of it. Jensen's testimony proved two offenses—an unlawful sale of intoxicating liquor, and the unlawful possession of intoxicating liquor. The mere fact that Jensen's testimony had the effect of showing defendant guilty of making a sale did not render it inadmissible for the purpose of showing possession. Had there been only one count in the information, charging possession, the testimony of Jensen would have sustained that count. Counsel's difficulty lies in the fact that the testimony proved another offense. This would not make the testimony incompetent if it proved the offense charged. When the testimony came in, the trial court took care of this question, as will be shown by the following colloquy:

"*The Prosecutor:* There is a count in the declaration, in the information, possession on the same date.

"*The Court:* Well, let's see; then, it is your theory that he had in his possession other liquor than that shown by the evidence here to have been sold?

"*The Prosecutor:* Yes, your honor.

"*The Court:* In his possession that day?

"*The Prosecutor:* Yes.

"*The Court:* I think it would be competent for that purpose and that alone, and I would receive it for that purpose.

"Q. Mr. Jensen, what did you go there for?

"*A.* To buy liquor.

"*Q.* Did you get any there?

"*Mr. Worcester:* I object to that as incompetent.

"*The Court:* I will instruct the jury that you are not to consider that purchase, if one was made, as offered, only to show as stated by the prosecutor that this respondent on the day in question had intoxicating liquor in his possession, other than that claimed to have been sold as the testimony shows already, and for that purpose I will take this testimony, and for no other purpose and in no other way."

We find no exception assigned which merits a reversal of the case. The exceptions are overruled. The trial court will proceed to judgment.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.