PEOPLE v ANDERSON

1. CRIMINAL LAW—INFORMATION—AMENDMENT—DEFECT—PREJUDICE
—JURY—DISCHARGE OF JURY—STATUTES.

A court may at any time before, during or after a criminal trial
amend the information to cure any defect in either form or
substance; the accused is, on his motion, entitled to a discharge
of the jury if the amendment is of substance, unless it clearly
appears that he has not been mislead or prejudiced by the
defect in the information or the variance in the amendment, or
that his rights will be fully protected by proceeding with the
trial (MCLA 767.76).

2. CRIMINAL LAW—INFORMATION—AMENDMENT—FIRST-DEGREE MUR-
DER—FELONY MURDER—STATUTES.

Amendment of an information charging a defendant with first-
degree murder to include language specifically alleging felony
murder did not mislead or prejudice the defendant where the
amendment was made on the first day of trial before any proofs
had been entered, the original information specifically cited the
first-degree murder statute which covers felony murder and the
proceedings before trial demonstrated that the prosecution
intended to proceed on a theory that the killing had taken
place during the perpetration of a burglary or robbery (MCLA
750.316, 767.57).

3. HOMICIDE—FIRST-DEGREE MURDER—FELONY MURDER—UNDERLYING
FELONY—BURGLARY—STATUTES.

A defendant's conviction of first-degree felony murder, which may
have been for a killing during perpetration of a burglary, is

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 41 Am Jur 2d, Indictments and Informations § 171 *et seq.*
Power of court to make or permit amendment of indictment. 17
ALR3d 1181.
[2–4] 40 Am Jur 2d, Homicide § 210.
[4] 40 Am Jur 2d, Homicide § 183.
[5] 21 Am Jur 2d, Criminal Law §§ 426, 427.
Pretrial publicity in criminal case as affecting defendant's right to
fair trial—federal cases. 10 L ed 2d 1243.
[6] 29 Am Jur 2d, Evidence §§ 360, 611, 735.

valid even though he was never bound over on a charge of burglary, where the defendant was validly bound over on a charge of first-degree murder, the charge implicitly included a charge of felony murder by reference to the statute which encompasses a killing during a burglary, and there was sufficient evidence to support a finding by the jury that the killing had taken place during a burglary (MCLA 750.316, 767.55).

4. HOMICIDE—FELONY MURDER—UNDERLYING FELONY—ARMED ROB-BERY—CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOP-ARDY.

Punishing a defendant for the greater offense of first-degree felony murder and for the included offense of the underlying felony constitutes a violation of the double jeopardy clauses of the United States Constitution and the Michigan Constitution; therefore, a defendant's conviction for armed robbery should be reversed where the armed robbery may have been the felony upon which the jury based the defendant's conviction for felony murder (US Const, Am V, Am XIV; Const 1963, art 1, § 15; MCLA 768.33).

5. VENUE—MOTIONS—CHANGE OF VENUE—CRIMINAL LAW—PUBLICITY —DISCRETION.

Motions for change of venue and other motions pertaining to pretrial and trial publicity are addressed to the sound discretion of the trial court.

6. CRIMINAL LAW—EVIDENCE—ADMISSIONS BY DEFENDANT—OTHER CRIMINAL ACTS.

Testimony that a defendant had produced a gun and warned the witness to be careful because he, the defendant, had just shot four people was admissable in a felony murder trial, even though the testimony about the gun tended to prove another crime, where the incident described by the witness was a circumstance surrounding an admission by the defendant, the testimony regarding the gun had an essential bearing on the motivation and meaning of the statement, and it was relevant to the credibility of the defendant's statement.

Appeal from St. Clair, Kenneth J. Stommel, J. Submitted April 9, 1975, at Lansing. (Docket No. 18988.) Decided July 21, 1975.

Arthur L. Anderson was convicted of first-degree murder, armed robbery and three counts of assault

with intent to commit murder. Defendant appeals. Reversed as to the armed robbery conviction, affirmed as to the other convictions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Roger L. Wotila,* Assistant State Appellate Defender, for defendant.

Before: V. J. Brennan, P. J., and D. E. Holbrook and M. F. Cavanagh, JJ.

D. E. Holbrook, J. From a careful reading of the record and trial transcript in this criminal case the following pertinent facts are present. At approximately 9:30 in the evening of March 7, 1973, Mrs. Margaret Lyon was returning to her home in Marine City from her business in Algonac. As she ascended the steps to her home, key in hand, she was apprehended by an individual bearing a gun who demanded entrance into her home. Having gained access to the home, this individual bound Mrs. Lyon hand and foot, and then embarked on a thorough search of the premises. This search lasted approximately an hour and a half. Near the end of that time, Mrs. Lyon was able to work herself free from her bonds. Observing that the individual was in another room and out of visual contact with her, Mrs. Lyon made a dash for freedom. She ran out the door and to the neighbors' house. She awoke her neighbors, Mr. and Mrs. Hallock, and upon entering their home telephoned the police. When the police did not respond immediately, she telephoned them again requesting aid. Immediately after the second tele-

phone call, Mrs. Lyon and the Hallocks heard someone shouting from just outside the Hallock home, "I know Margaret is in there, send her out, I know she's in there." Immediately after this, Mrs. Lyon and the Hallocks observed an individual, later identified by Mrs. Lyon as the same individual who had accosted her on her front steps, approaching the Hallock residence. This individual mounted the stairs to the Hallock residence, then, using his hand smashed through the glass on the only door that was closed and unfastened the lock from the inside. Mrs. Lyon and the Hallocks attempted to flee out another door. At this moment a police car containing two officers from the Marine City Police Department arrived on the scene. Mrs. Lyon was shot and wounded in the leg as she attempted to flee from the individual who had broken into the house and pursued her out the other door. Then one of the Marine City police officers was shot twice by that same individual as the police officer attempted to approach the Hallock home. Mr. Hallock was shot in the back and killed by the individual as he attempted to flee from the Hallock home. Meanwhile, the individual had tried to take Mrs. Hallock hostage, but she had somehow escaped. Finally, the second Marine City police officer was shot once in the head and once in the abdomen by this same individual, who then escaped from the immediate scene in the Marine City Police Department vehicle that the two officers had arrived in.

These facts led to the apprehension of Arthur Lee Anderson, defendant-appellant, herein. Anderson was charged with first-degree murder, MCLA 750.316; MSA 28.548, armed robbery, MCLA 750.529; MSA 28.797, and three counts of assault with intent to commit murder, MCLA 750.83; MSA

28.278. On September 7, 1973, Anderson was found guilty of all five counts by a jury in Port Huron, Michigan. On October 4, 1973, Anderson was sentenced to 25 to 50 years imprisonment on the armed robbery charge, and life imprisonment on all four other charges.

Defendant's sole defense at trial was one of alibi.

Defendant first claims that it was reversible error to allow amendment of the information so as to include language specifically alleging felony murder. Defendant essentially bases this claim upon two theories: (1) that premeditated murder and felony murder are distinct offenses with different elements; and, (2) that defendant's conviction for felony murder is a nullity because that crime was not returned by the examining magistrate and therefore the circuit court had no jurisdiction to try it.

MCLA 767.76; MSA 28.1016, provides that the court may at any time before, during or after the trial amend the information to cure any defect in either form or substance. The statute then goes on to provide that if the amendment is of substance, the accused shall on his motion be entitled to a discharge of the jury unless "it shall clearly appear from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made or that his rights will be fully protected by proceeding with the trial".

We hold that it clearly appears from the whole proceedings that the defendant here has not been misled or prejudiced by the variance in respect to which the amendment was made. In this case the amendment to the information was made on the first day of trial before any proofs had been entered. The original information had charged de-

fendant with first-degree murder, citing the first-degree murder statute, MCLA 750.316; MSA 28.548. Within that statute, first-degree murder is defined as either deliberate and premeditated killing or that killing which shall be committed in the perpetration, or attempt to perpetrate any arson, rape, robbery or burglary. Further, MCLA 767.57; MSA 28.997, provides: "In pleading a statute or a right derived therefrom it is sufficient to refer to the statute by its title, or in any other manner which identifies the statute and the court must thereupon take judicial notice thereof." In *People v William Turner,* 26 Mich App 632, 637; 182 NW2d 781, 783 (1970), this Court held that an original information which charged that defendants "feloniously, wilfully and of their malice aforethought, did kill and murder one Jacob Kogan", could be amended to add the phrase, "while in the perpetration or attempted perpetration of a robbery". Defendant had contended that the amended information was prejudicial and that it added a charge of felony murder. We said at 26 Mich App 637; 182 NW2d 783–784: "Turner's contention is without merit. Both informations cited the first-degree murder statute. MCLA 750.316 [MSA 28.548]. Such a reference by section numbers is expressly authorized by MCLA 767.57 [MSA 28.997]."

This case differs from *Turner, supra,* only in that the original information here included statutory wording of premeditation. This was not important in light of the fact that the statute was specifically cited. Moreover, there can be no claim of surprise or prejudice by the defendant because the information, the arraignment, the preliminary examination and a pretrial order all pointed to one conclusion: the prosecution intended to proceed on a theory that the killing had taken place

during the perpetration of a burglary and/or the robbery of Mrs. Lyon.

The examining magistrate specifically found that the charge contained in Count 1 of the information had been committed and that there was probable cause to believe defendant had committed the crime. The charge in Count 1 of the information was first-degree murder, and reference was made to the statute as described above. Therefore, the circuit court had jurisdiction to try defendant on the charges contained in Count 1 of the information, that is, first-degree murder, as described in the statute.

Defendant next argues that although the jury found him guilty of armed robbery, there is a possibility that the first-degree murder conviction was based on a finding by the jury that the killing in question had taken place during a burglary. Defendant argues that such a finding would be invalid as he was never bound over on a charge of burglary. This argument must also fail, since we have just held that defendant was validly bound over on the charge of first-degree murder which, by reference to the statute, implicitly included a charge of felony murder; and a charge of felony murder explicitly encompasses a killing during the perpetration of a burglary. Therefore, whichever of the alternate grounds, that is, robbery or burglary, the murder conviction was based upon, it was a valid conviction since there was sufficient evidence of either theory upon which the jury could base the conviction.[1]

---

[1] MCLA 767.55; MSA 28.995 provides:

"In an indictment for an offense which is constituted of 1 or more of several acts, *or which may be committed by 1 or more of several means,* or with 1 or more of several intents, or which may produce 1 or more of several results, 2 or more of such acts, means, intents or results *may be charged in the alternative."* (Emphasis supplied.)

Defendant's next contention is that he was placed in double jeopardy by being convicted of and sentenced for both first-degree murder during the perpetration of a robbery and for the underlying robbery. It is certainly not clear that defendant's first-degree murder conviction was based upon his robbery conviction. Indeed, defendant has just argued the opposite. Nevertheless, defendant's point is well taken. The offense of armed robbery is one of the possible underlying felonies leading to a first-degree murder conviction on a felony-murder theory. Since it cannot be said with certainty that the jury did not find defendant guilty of armed robbery and guilty of first-degree murder based on a killing which took place during the perpetration of that armed robbery, defendant's conviction for armed robbery must be reversed. For if the jury's first-degree murder conviction was based on a finding that the killing took place during the perpetration of the armed robbery, then the armed robbery constitutes a necessary element of first-degree (felony) murder. As a necessary element of first-degree murder, armed robbery would then become an included offense in the greater charge. *People v Simpson,* 5 Mich App 479; 146 NW2d 828 (1966). To punish defendant both for the greater offense, that is, first-degree (felony) murder, and for the included offense, which would be in this case armed robbery, would constitute double punishment in violation of the double jeopardy clauses of the United States Constitution and the Michigan Constitution.[2] This double punishment aspect arises from the fact that the Michigan felony murder statute combines a killing which would normally be less than first-degree murder

[2] US Const, Ams V and XIV, Const 1963, art 1, § 15. *See also* MCLA 768.33; MSA 28.1056.

with the underlying felony with the result that the total transaction becomes first-degree murder. The punishment for first-degree murder is obviously greater than that for either of the combined elements. Thus, part of the punishment for felony murder can be attributed to the underlying felony. In this case, if the underlying felony was indeed armed robbery, then defendant had been sentenced for armed robbery when sentenced for felony murder and could not again be sentenced for the robbery armed part of the crime.

Defendant next argues that it was reversible error for the trial court to refuse to grant defendant's motion for change of venue and for the trial court to refuse to admonish the jury in the specific way that defendant requested concerning publicity surrounding the trial. This case simply did not have the pervasive reception and impact on community feelings which defendant claims in his brief. It was quite widely publicized in the area for about a week, but the trial took place five months later and two-thirds of those jurors questioned in voir dire had never even heard of the case. The trial court automatically dismissed for cause any jurors from the actual community where the crime took place. The court warned the jurors on several occasions that they must try the case using the evidence that they obtained in the courtroom. It was clearly pointed out that newspaper articles and radio programs, etc., were not to be considered. Defendant's reliance on *People v Moreland,* 12 Mich App 483; 163 NW2d 257 (1968), is misplaced. In *Moreland* it was shown that the jurors actually discussed a prejudicial article during their deliberation. In the instant case not only is there no showing that the jurors discussed any newspaper articles during deliberation, but the trial judge

made a specific finding that the newspaper articles concerning the trial did not prejudice the jury.

Motions for change of venue and other motions pertaining to pretrial and trial publicity are addressed to the sound discretion of the trial court; and there is no showing that the trial court abused its discretion in the present case. *People v Swift,* 172 Mich 473; 138 NW 662 (1912), *People v Dailey,* 6 Mich App 99; 148 NW2d 209 (1967), *People v Collins,* 43 Mich App 259; 204 NW2d 290 (1972), *lv den* 391 Mich 798 (1974), *People v Stockard,* 48 Mich App 680; 211 NW2d 62 (1973), *aff'd* 391 Mich 481; 219 NW2d 68 (1974).

Defendant next argues that it was reversible error for the trial court to allow a prosecution witness to testify to an incident involving criminal activity by the defendant when that incident was a circumstance present in an admission made by the defendant to that witness. A prosecution witness had testified that a few days after the crimes in question defendant had produced a gun while riding in the witness's automobile and warned the witness to be careful because he, the defendant, had just shot four people in Marine City. Defendant objected to the portion of the testimony which indicated that defendant had held a gun on the witness. While evidence of the gun does tend to prove another crime, it is also relevant evidence in the case at hand. Without the testimony of the gun being pulled, we would simply have testimony that defendant stated: "[D]on't make any bad moves, old man. I shot four people up in Marine City." This would be almost a nonsensical statement for defendant to make out of the blue, with no gun in his hand and nothing to back up his statement. Testimony regarding the gun therefore has an essential bearing on the motivation and

meaning behind the statement. Without it the jury might conclude that the defendant was only joking, or was not serious about what he was saying. It therefore goes to the credibility of the defendant's statement, and as in *People v Farrell,* 137 Mich 127; 100 NW 264 (1904), it is essential to show the context of the admission. See also *People v Seaton,* 235 Mich 698; 209 NW 917 (1926), *People v McCrea,* 303 Mich 213, 253; 6 NW2d 489, 504 (1942), *People v Maglaya,* 17 Mich App 379; 169 NW2d 530 (1969), *People v Carter,* 387 Mich 397; 197 NW2d 57 (1972). Also, no formal request was made by the defendant that a cautionary instruction be given regarding the gun, and no objection made to the omission of such an instruction. *People v Carter, supra,* 387 Mich at 413; 197 NW2d at 64–65.

We have examined defendant's other allegations of error and found them to be without merit.

Reversed as to the armed robbery conviction, affirmed as to all other convictions.