PEOPLE v BENNETT

1. Drugs and Narcotics—Criminal Law—Sentences—Dual Punishment—Same Act—Possession of Marijuana—Delivery of Marijuana—Legislative Intent—Statutes.

Convictions and sentences for possession of marijuana with intent to deliver and for delivery of marijuana arising out of the same factual occurrence constitute dual punishment for the same act and the conviction on the lesser charge should be vacated where the statute under which the defendant was convicted did not clearly indicate a legislative intent that dual punishment be imposed for such offense (MCLA 335.341; MSA 18.1070[41]).

2. Constitutional Law—Criminal Law—Double Jeopardy—Two Sentences—Single Offense.

The erroneous imposition of two sentences for a single offense of which the accused has been convicted, or as to which he has pleaded guilty, does not constitute double jeopardy.

3. Constitutional Law—Criminal Law—Dual Punishment—Single Act—Statutes—Legislative History—Ambiguity.

The Legislature may constitutionally impose dual punishment for a single criminal act, however, it must be clear on the face of the statute imposing the punishment and its legislative history that the Legislature intended to do so; in the absence of such legislative history, any ambiguity in the statutory scheme should be resolved in favor of leniency.

Appeal from Bay, John X. Theiler, J. Submitted March 9, 1976, at Lansing. (Docket No. 22861.) Decided September 8, 1976. Leave to appeal applied for.

Marshall L. Bennett, Jr. was convicted of one count of delivery of marijuana, two counts of possession of marijuana with intent to deliver,

References for Points in Headnotes

[1] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 16, 17, 47.

[2, 3] 21 Am Jur 2d, Criminal Law § 182 et seq.

carrying a concealed weapon and carrying a firearm with unlawful intent. Defendant appeals. Conviction vacated as to one of the counts of possession of marijuana with intent to deliver. Convictions on the other four counts affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Eugene C. Penzien,* Prosecuting Attorney, and *George B. Mullison,* Chief Assistant Prosecuting Attorney, for the people.

*Francis Zebot,* Assistant State Appellate Defender, for defendant.

Before: M. J. Kelly, P. J., and Bronson and W. R. Peterson,* JJ.

Per Curiam. Defendant was found guilty by a jury of one count of delivery of marijuana, two counts of possession with intent to deliver marijuana, all contrary to MCLA 335.341; MSA 18.1070(41), carrying a concealed weapon, contrary to MCLA 750.227; MSA 28.424, and carrying a firearm with unlawful intent, contrary to MCLA 750.226; MSA 28.423. Defendant was sentenced to the appropriate statutory maximums, with concurrent one-year minimum sentences on all counts. He appeals by right.

Defendant raises only one issue which merits discussion. He contends that he was improperly convicted and sentenced on one of the counts of possession with intent to deliver marijuana along with the count of delivery of marijuana because both arose from the same factual occurrence. We agree that defendant was thereby punished twice

---

* Circuit judge, sitting on the Court of Appeals by assignment.

for the same act, and we vacate his conviction and sentence on the possession charge.

We do not accept defendant's argument that his double jeopardy rights were violated here. In *Holi-Day v Johnston,* 313 US 342; 61 S Ct 1015; 85 L Ed 1392 (1941), the Court held that a habeas corpus petitioner had been improperly convicted of violating two criminal statutes after committing an offense which Congress intended to punish but once. Yet the Court emphasized that they were not considering a constitutional complaint:

"The erroneous imposition of two sentences for a single offense of which the accused has been convicted, or as to which he has pleaded guilty, does not constitute double jeopardy." 313 US, at 349.

In *Gore v United States,* 357 US 386, 392–393; 78 S Ct 1280, 1284–1285; 2 L Ed 2d 1405, 1410–1411 (1958), Justice Frankfurter pointed out that there are no constitutional restraints upon the fragmentation of crimes for punishment purposes. See, also, *Wright v United States,* 519 F2d 13, 16 (CA 7, 1975).[1]

Although the Legislature may constitutionally impose dual punishment for a single criminal act, it must clearly appear from the face of the statute and its legislative history that the Legislature intended to do so. See, for example, the analysis of the Federal Bank Robbery Act, 18 USC 2113, in *Prince v United States,* 352 US 322; 77 S Ct 403; 1 L Ed 2d 370 (1957), *Heflin v United States,* 358 US 415; 79 S Ct 451; 3 L Ed 2d 407 (1959), *United*

---

[1] We agree with the results reached in *People v Compian,* 38 Mich App 289; 196 NW2d 353 (1972), *People v Anderson,* 62 Mich App 475; 233 NW2d 620 (1975), and *People v Guidry,* 67 Mich App 653; 242 NW2d 461 (1976).

However, we do not agree that those results were properly based upon the doctrine of double jeopardy.

*States v Gaddis,* 424 US 544; 96 S Ct 1023; 47 L Ed 2d 222 (1976). In the absence of legislative history, any ambiguity in the statutory scheme should be resolved in favor of lenity. *Bell v United States,* 349 US 81, 83–84; 75 S Ct 620, 622; 99 L Ed 905, 910–911 (1955), *Heflin v United States, supra.*

The relevant language of the statute under which defendant was convicted provides that "it is unlawful for any person to manufacture, deliver or possess with intent to * * * deliver, a controlled substance". Counts I and II charged this defendant with delivering and possessing with intent to deliver the same marijuana. On these facts, we think that the rule of lenity requires us to hold that the Legislature intended that the fact finder elect between a conviction for delivery and one for possession with intent to deliver. That result has been reached under the Federal narcotics statute, 21 USC 841 *et seq.,* for "distribution" and "possession with intent to distribute". We think what was said in *United States v Curry,* 512 F2d 1299, 1306 (CA 4, 1975), is applicable here:

"In the instant case the evidence of the sale was relied upon to prove Curry's 'intent to distribute' at the time of his possession. The gravamen of each offense is the distribution of a controlled substance: when the intent is carried out by a successful sale the offenses merge. To paraphrase the language of the Supreme Court on a similar point, we hold, therefore, that when Congress made either distribution or possession with intent to distribute a crime it intended that the maximum punishment for distribution should remain at fifteen years but, even if the culprit should fall short of accomplishing his purpose, he could be imprisoned for fifteen years for possessing with the felonious intent."

See, also, *United States v Nichols,* 401 F Supp 1377 (ED Mich, 1975), *United States v Stevens,* 521

F2d 334 (CA 6, 1975), *United States v King,* 521 F2d 356 (CA 6, 1975) (all construing the Federal statute), and *Dorador v State,* 520 P2d 230 (Wyo, 1974) (construing a statute identical to ours).

We think that the appropriate remedy in this case is to vacate the conviction and sentence for the one count of possession with intent to deliver marijuana which was supported by the same facts as the delivery conviction. We recognize that other courts have taken various views when, as here, concurrent sentences were imposed. However, the Supreme Court in *United States v Gaddis, supra,* recently vacated all of the "lesser" offenses as a remedy, and we follow that view as the better one.

Defendant's conviction and sentence on Count II of the information is hereby vacated. His convictions on the other four counts are affirmed.

Remanded for proceedings not inconsistent with this opinion.