## PEOPLE *v.* MAGLAYA

1. WITNESSES—ROBBERY—TRIAL—COMPETENCY—DISCRETION.
   Denial of defendant's motion to exclude the testimony of a certain witness in trial for armed robbery on grounds of mental incompetence *held,* not an abuse of discretion where the witness, an accomplice in the crime charged, was determined to be sane in a sanity restoration hearing about a month before commission of the crime (MCLA § 750.529).

2. WITNESSES — ROBBERY — TRIAL — CREDIBILITY — EXPERT TESTIMONY — COLLATERAL MATTER.
   Rejection of defendant's attempt to introduce expert testimony to discuss the credibility of the principal prosecution witness in trial for armed robbery when the expert testimony would have concerned the witness's homosexual propensities *held,* proper; the fact that a witness may have had homosexual tendencies does not necessarily impeach his believability, and the inflammatory subject matter would have beclouded the material issues being litigated (MCLA § 750.529).

3. CRIMINAL LAW—EVIDENCE—OTHER CRIMES—RELEVANCY.
   Testimony is not incompetent if it tends to prove the offense charged, even though it also tends to prove the commission of another crime.

4. APPEAL AND ERROR—PRESERVING QUESTION—MANIFEST INJUSTICE.
   The Court of Appeals will consider questions raised for the first time on appeal only to prevent manifest injustice.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 May

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 555.
[2] 58 Am Jur, Witnesses § 870.
[3] 29 Am Jur 2d, Evidence § 321.
[4] 5 Am Jur 2d, Appeal and Error § 667.

9, 1969, at Detroit.   (Docket No. 4,091.)   Decided
May 27, 1969.   Leave to appeal denied January 28,
1970.   See 383 Mich 762.

Vincent Maglaya was convicted of robbery armed.
Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Samuel J. Torina,*
Chief Appellate Lawyer, and *Terrance K. Boyle,*
Assistant Prosecuting Attorney, for the people.

*Edward F. Bell,* for defendant on appeal.

BEFORE: HOLBROOK, P. J., and McGREGOR and
BRONSON, JJ.

PER CURIAM.   Defendant, convicted of armed
robbery,* alleges that several errors occurred in the
lower court trial.   Most of the errors alleged relate
to the prosecution's principal witness, a confessed
participant in the robbery.   The witness spent time
in a mental institution, but had been adjudged sane
by the probate court about one month before the
crime occurred.   At trial, defendant moved to ex-
clude the witness's testimony as incompetent, and
alternatively requested that the witness testify in
the absence of the jury.   The court denied defend-
ant's requests.   Defendant did not object to the
court's rulings.

Since the witness was determined to be sane in
a sanity restoration hearing preceding the crime,
the court did not abuse its discretion by denying
defendant's motions and allowing the witness to tes-
tify.   Moreover, defendant did not preserve the
issue for appeal by objecting to the court's rulings.

---

* MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797).

*People* v. *Huey* (1956), 345 Mich 120; *People* v. *Havey* (1968), 11 Mich App 69.

After the witness had testified, defendant offered to introduce expert testimony to determine the witness's credibility. The court barred the testimony. The expert witnesses offered by defendant would have testified concerning the witness's homosexual propensities, but the court ruled that homesexuality was a matter collateral to the trial for armed robbery. We agree. The fact that the witness may have had homosexual tendencies would not have necessarily impeached his believability. Furthermore, being a collateral matter of little relevance, the lower court properly prevented the inflammatory subject from beclouding the material issues being litigated.

A police officer testified over defendant's objection that he seized an unregistered gun from defendant, who alleges that the testimony constituted reversible error. Defendant argues the testimony concerned an unproved and irrelevant crime, and he contends the court compounded the error by its instructions.

If testimony tends to prove the offense charged, it is not incompetent because it also tends to prove the commission of another crime. *People* v. *Seaton* (1926), 235 Mich 698. The gun referred to was similar to the gun used in the robbery. Thus the officer's testimony was not tantamount to reversible prejudice. Moreover, the court's instruction was curative and not compounding as to any prejudice occasioned by the testimony.

The final issue raised concerns a statement made by the prosecution during defendant's cross-examination of the people's principal witness on his homosexuality. The questioning was to determine whether the witness made a homosexual proposal

to defendant. The prosecutor interjected that it would be necessary for the defendant to take the stand to offer probative evidence of the proposal. Defendant now alleges that the prosecutor's comment was an adroit referral to his failure to testify in his own behalf, and thus was reversible error.

Defendant did not object to the prosecutor's statement and thus did not preserve the issue for appeal absent manifest injustice. *People* v. *Dorrikas* (1958), 354 Mich 303; *People* v. *Lewis* (1967), 6 Mich App 447. The court's comprehensive instruction that defendant's failure to testify cannot create any adverse inference precluded the remark from attaining the status of manifest injustice.

Conviction affirmed.