PEOPLE *v.* McDONALD.

1. CRIMINAL LAW—FORMER JEOPARDY.

The issue of former jeopardy must be raised before going to trial on the general issue, assuming that it cannot be tried under the general issue, unless there are circumstances that make it inappropriate at that time and appropriate at another time.

2. SAME—FORMER JEOPARDY—LARCENY—RECEIVING STOLEN GOODS—MOTION TO DISMISS.

Where on first trial, count on larceny was dismissed and jury disagreed on receiving stolen goods count, and on second trial, latter count was dismissed and conviction had of larceny, trial court properly denied motion to discharge defendant made after verdict and sentence.

Appeal from Recorder's Court of Detroit; Van Zile (Donald), J. Submitted May 4, 1943. (Docket No. 96, Calendar No. 42,311.) Decided June 30, 1943.

Douglas McDonald and Edward Niamtu were convicted of larceny. Affirmed.

*Bernard A. Pearl,* for appellants.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *John L. Potter* and *Henrietta E. Rosenthal,* Assistant Prosecuting Attorneys, for the people.

BUSHNELL, J. Defendants, Douglas McDonald and Edward Niamtu, were tried before a jury on an information which charged them in two counts with larceny of four tires of the value of $60, and receiving said stolen property. After the people had rested their case, defendants moved to dismiss the larceny count. This motion was denied. After testimony had been submitted in behalf of the defendants and both sides had rested, defendants renewed their motion to dismiss the larceny count. A discussion followed between court and counsel and the prosecutor concluded the discussion with the statement: "I will elect in my argument to the jury and tell them not to consider anything but the second count."

The court charged the jury in part as follows:

"Members of the jury, the information here filed was originally made up of 2 counts, one for larceny and the other for receiving stolen property; and the first count of larceny was withdrawn so that you only have to consider the count of receiving stolen property. * * * Now, these defendants are not now charged with larceny, but they are charged with having, after the property has been lately before stolen, with having received this property and having concealed it, knowing that it was lately before stolen. That is the gist of the offense here charged."

The jury was unable to agree and the court declared a mistrial. A second trial was had, a little more than two months later, before the same judge who tried the first case, and another jury. The file and short book merely showed that the jury had disagreed at the previous trial and that the court had declared a mistrial. By reason of the lapse of time between the two trials, everyone had apparently forgotten what occurred at the first trial. The

trial judge informed counsel that at the previous trial the second count, that of receiving stolen property, was withdrawn, and that the defendants could only be tried on the first count, for larceny of property. At the conclusion of the second trial, when defendants' counsel moved to dismiss count 1, the following transpired:

"*The Court:* That is the count we are trying them on. The other count was stricken before.

"*Prosecutor Potter:* Yes.

"And then after some discussion on the merits of the case between court and counsel for both sides:

"*Mr. Pearl:* You are going to the jury on that one count only?

"*Mr. Potter:* That is the only count I can go. That is all there is left.

"*The Court:* He elected to go on that count the last time. All right, I will deny the motion. Call in the jury."

The court then charged the jury on the first count only, larceny of property, and the jury returned a verdict of guilty of larceny as charged.

Defendants have appealed from the sentence imposed after denial of their motion to discharge. They now insist, as they did in their motion before the trial judge, that they were placed twice in jeopardy for the same offense because they were in jeopardy when the first count was withdrawn at the first trial, and that such withdrawal amounted to an acquittal on that count.

In *People* v. *Powers,* 272 Mich. 303, the court quoted with approval the statement in L. R. A. 1917 A, 1235, as follows:

" 'As a general rule, the issue of former acquittal, conviction, or other jeopardy should be raised before going to trial on the general issue, assuming that it cannot be tried under the general issue,

and practically all courts hold that it *must* be raised at that stage of the trial, unless there are circumstances that make it inappropriate at that time and appropriate at another time.' "

The question of double jeopardy was not raised until after verdict and sentence. The court did not err in denying the motion to discharge the defendant, and the judgment is affirmed.

Boyles, C. J., and Chandler, North, Starr, Butzel, and Sharpe, JJ., concurred. Wiest, J., concurred in the result.