PEOPLE v DRAKE JOHNSON

Docket Nos. 77-2754, 77-2755. Submitted June 15, 1978, at Detroit.—
Decided September 20, 1978. Leave to appeal applied for.

Drake L. Johnson pled guilty to separate counts of armed robbery
and the possession of a firearm in the commission of a felony.
He was sentenced to consecutive sentences on each conviction
in Detroit Recorder's Court, Joseph E. Maher, J. The question
on appeal is whether double jeopardy bars conviction for pos-
session of a firearm during the commission of armed robbery.
*Held:*

A conviction of an underlying felony not excepted by the
felony-firearm statute and of possession of a firearm under the
statute does not involve double jeopardy, double sentence, or
double punishment.

Affirmed.

N. J. KAUFMAN, P. J., dissents. He would hold that double
jeopardy is violated where a defendant is convicted twice on
separate counts involving identical proofs; the resulting multi-
ple conviction and multiple punishment is unconstitutional.

OPINION OF THE COURT

1. CONSTITUTIONAL LAW—CRIMINAL LAW—STATUTES—FELONY-FIRE-
ARM—DOUBLE JEOPARDY—DOUBLE PUNISHMENT.

The felony-firearm statute is a sentence augmenting statute,
which was intended by the Legislature to require a specific
additional penalty where a firearm is carried or possessed at
the time of committing or attempting to commit a felony not
excepted by the statute; a conviction under the statute does not
involve double jeopardy, double sentence, or double punish-
ment.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 189.
   79 Am Jur 2d, Weapons and Firearms § 24.
[2] 21 Am Jur 2d, Criminal Law § 189.
[3] 21 Am Jur 2d, Criminal Law § 166.

                DISSENT BY N. J. KAUFMAN, P. J.

2. CRIMINAL LAW—DOUBLE JEOPARDY—SEPARATE COUNTS—IDENTICAL
   PROOFS—CONSTITUTIONAL LAW.
   The prohibition against double jeopardy embodied in the United
   States and Michigan Constitutions is violated where a defend-
   ant is convicted twice on separate counts involving identical
   proofs; the resulting multiple conviction and multiple punish-
   ment cannot be constitutionally condoned (US Const, Am V,
   Const 1963, Art 1, § 15).

3. CONSTITUTIONAL LAW—LEGISLATURE'S INTENT—DOUBLE JEOPARDY—
   CRIMINAL LAW.
   The intent of the Legislature cannot override the mandates of the
   United States and Michigan Constitutions regarding the prohi-
   bition against double jeopardy; the Legislature cannot sanction
   double convictions and double punishments for the same crime
   by saying "we intend it so".

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Michael R. Mueller,* Direc-
tor, Prosecutor's Repeat Offenders Bureau, and
*Larry L. Roberts,* Assistant Prosecuting Attorney,
for the people.

*Sallen, Sallen, Seymour & Sallen,* for defendant
on appeal.

Before: N. J. KAUFMAN, P. J., and BEASLEY and
P. R. MAHINSKE,* JJ.

PER CURIAM. We agree with the dissent that the
issues raised concerning the plea-taking are with-
out merit.

For the reasons delineated in *People v Walter
Johnson,*[1] we decline to find that the felony-firearm
statute[2] is unconstitutional as applied in this case.
   Affirmed.

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] *People v Walter Johnson,* 85 Mich App 654; 272 NW2d 605 (1978).
[2] MCL 750.227b; MSA 28.424(2).

N. J. KAUFMAN, P. J. *(dissenting)*. On March 29, 1977, defendant pled guilty to one count of armed robbery, MCL 750.529; MSA 28.797, and one count of possession of a firearm in the commission of a felony, MCL 750.227(b); MSA 28.424(2). On April 11, 1977, defendant was sentenced to a term of from 12 to 40 years imprisonment on the armed robbery count and to a mandatory two-year term of imprisonment on the "felony-firearm" count, to run consecutively. Defendant appeals as of right.

On appeal, defendant raises three issues, two of which pertain to the guilty plea procedure itself. They have been carefully considered and are of no merit. The third presents a more troubling issue: Does double jeopardy bar conviction for possession of a firearm during the commission of a felony, where the felony is armed robbery, and a firearm was, in fact, used?

It appears that the most prudent method of dealing with the felony-firearm issue is to evaluate *each case* on its own facts. In this case, the pertinent portion of the information reads as follows:

*"COUNT I*
" * * * did assault the above-named COMPLAINANT while armed with a *dangerous weapon* or an article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, to-wit: *a handgun* and did then and there feloniously rob, steal and take from the person of said COMPLAINANT, or in his presence, United States Currency and an 1969 Cadillac, automobile Contrary to Sec. 750.529, M.C.L.A.
*"COUNT II*
" * * * did then and there carry or have possession of a firearm, to-wit: *a handgun* in the commission or attempt to commit a felony to-wit: Robbery Armed, Contrary to M.C.L.A. 750.227b." (Emphasis added.)

Thus, to satisfy its burden of proof as to Count I, the prosecution has to prove all of the elements that constitute common-law robbery and the added element that defendant was armed with a handgun when he robbed the complainant, as alleged in the information. To satisfy its burden of proof as to Count II, the prosecution has to prove that defendant was armed with a handgun at the time he committed a felony, the armed robbery of complainant. Clearly, the prosecutor's task regarding Count I is identical to its task regarding Count II.

To convict defendant twice on separate counts involving identical proofs violates the prohibition against double jeopardy embodied in the United States Constitution[1] and the Michigan Constitution.[2] Not only would defendant be subject to the collateral consequences of multiple convictions[3] but he would also be subject to multiple punishment for the same offense. Such a result cannot be constitutionally condoned. *Simpson v United States,* 435 US 6; 98 S Ct 909; 55 L Ed 2d 70 (1978), *Jeffers v United States,* 432 US 137; 97 S Ct 2207; 53 L Ed 2d 168 (1977), *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969), *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977), *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976).

This formulation does raise two potential problems which merit discussion. First, my decision would appear to ignore the clear intent of the Legislature. However, the intent of the Legislature

---

[1] In pertinent part, " * * * [N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb * * * ". US Const, Am V.

[2] In pertinent part, "No person shall be subject for the same offense to be twice put in jeopardy". Const 1963, art 1, § 15.

[3] Multiple convictions may be a factor in parole consideration; they certainly enhance the punishment meted out if a defendant is subsequently found to be an habitual offender.

cannot override the mandates of the United States Constitution and the Michigan Constitution. The Legislature cannot sanction double convictions and double punishments for the *same* crime by saying "We intend it so".

It should be noted that it would have been easy for the Legislature to make the possession of a firearm while committing a felony an aggravated circumstance to be applied in sentencing an offender for the felony. See *e.g.,* MCL 750.529; MSA 28.797.[4] However, I would strongly caution against upholding the "felony-firearm" law solely because the result could be achieved in another manner. This Court would then be in the position of disregarding its duty of judicial review in constitutional cases.

The second potential problem is whether or not defendant waived his right to double jeopardy protection by pleading guilty to both offenses. I conclude that he did not. *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976).

Since I find that defendant's guarantees of protection against double jeopardy were violated in this case, I would vacate defendant's plea of guilty on the "felony-firearm" count and order that charge dismissed and affirm defendant's plea of guilty on the armed robbery count.

---

[4] In pertinent part, "If an aggravated assault or serious injury is inflicted by any person while committing an armed robbery, as defined in this section, the sentence shall be not less than 2 years' imprisonment in the state prison."