PEOPLE v BERRY

Docket No. 77-4728. Submitted August 31, 1978, at Detroit.—Decided
September 20, 1978. Leave to appeal applied for.

Thomas Berry, on his plea of guilty, was convicted of armed
robbery and possession of a firearm in the commission of a
felony in the Recorder's Court for the City of Detroit, Robert L.
Evans, J. Defendant appeals. *Held:*

The felony of armed robbery by use of a firearm is a neces-
sarily included offense of a felony-firearm violation incidental
to that robbery, therefore, conviction and sentencing for both a
felony-firearm violation and for the underlying felony of armed
robbery by use of a firearm is precluded by the double jeopardy
provisions of the United States and Michigan Constitutions.
The *guarantee against double jeopardy does* not ultimately
turn upon whether the Legislature intended a particular act to
be punished by only one or more statutes.

Affirmed in part; reversed in part.

N. J. KAUFMAN, P. J., concurred and would hold that the
prohibition against double jeopardy is violated when a defend-
ant is convicted twice on separate counts involving identical
proofs. The intent of the Legislature cannot override the man-
dates of the constitution regarding the prohibition against
double jeopardy; therefore, the Legislature cannot sanction
double convictions and double punishments for the same crime
by saying "we intend it so".

Opinion of the Court

1. Criminal Law—Armed Robbery—Felony-Firearm—Necessarily
   Included Offenses—Double Jeopardy—Constitutional Law.
   The felony of armed robbery by use of a firearm is, by definition,

References for Points in Headnotes

[1, 3, 4] 21 Am Jur 2d, Criminal Law §§ 187–189.

67 Am Jur 2d, Robbery §§ 4, 48.

79 Am Jur 2d, Weapons and Firearms §§ 24, 25.

Limitations under double jeopardy clause of Fifth Amendment upon
state criminal prosecutions—Supreme Court cases. 25 L Ed 2d
968.

[2, 3, 5] 21 Am Jur 2d, Criminal Law 166.

[5] 16 Am Jur 2d, Constitutional law §§ 150, 168, 169.

a necessarily included offense of a felony-firearm violation incidental to that robbery because it is impossible to commit the latter without committing the former; therefore, conviction and sentencing for both a felony-firearm violation and for the underlying felony of armed robbery by use of a firearm is precluded by the double jeopardy provisions of the Federal and Michigan Constitutions (US Const, Am V, Const 1963, Art 1, § 15).

2. CONSTITUTIONAL LAW—DOUBLE JEOPARDY—LEGISLATIVE INTENT—MULTIPLE PUNISHMENT.

The constitutionally guaranteed protection against double jeopardy does not ultimately turn upon whether the Legislature intended a particular act to be punished by only one or more statutes; one of the most fundamental principles of constitutional government is that the constitution limits the power of the Legislature and not vice-versa.

3. CONSTITUTIONAL LAW—DOUBLE JEOPARDY—CUMULATIVE PUNISHMENT—INCLUDED OFFENSES.

The double jeopardy clause prohibits not only cumulative punishment but also conviction for both offenses where a defendant is convicted of two offenses one of which is included in the other; conviction for both a greater offense and one legally necessarily included is precluded.

CONCURRENCE BY N. J. KAUFMAN, P. J.

4. CRIMINAL LAW—DOUBLE JEOPARDY—SEPARATE COUNTS—IDENTICAL PROOFS—CONSTITUTIONAL LAW.

5. CONSTITUTIONAL LAW—LEGISLATURE'S INTENT—DOUBLE JEOPARDY—CRIMINAL LAW.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Edward Reilly Wilson,* Principal Attorney, Appeals, for the people.

*William A. House,* for defendant.

Before: N. J. Kaufman, P. J., and R. M. Maher and D. C. Riley, JJ.

Per Curiam. Defendant pled guilty to robbery armed, MCL 750.529; MSA 28.797, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2).

Defendant contends that the trial court erred in denying defendant's motion to withdraw his plea because there was an inadequate factual basis. We find that the proper factual basis was established and that the trial court did not err.

However, we do not believe defendant's conviction under the felony-firearm statute is constitutionally valid. See *Wayne County Prosecutor v Recorder's Court Judge,* 85 Mich App 727; 272 NW2d 587 (1978), *People v Mitchell,* 85 Mich App 757; 272 NW2d 601 (1978) (N. J. Kaufman, J., dissenting), *People v Gerald Hughes,* 85 Mich App 8; 270 NW2d 692 (1978) (D. F. Walsh, J., dissenting). Though we find the robbery armed charge a necessarily included offense of the felony-firearm charge, we choose to vacate the conviction under the felony-firearm statute and affirm the robbery armed conviction. *Wayne County Prosecutor v Recorder's Court Judge, supra.*

Affirmed in part; reversed in part.

N. J. Kaufman, P. J. *(concurring).* I concur separately for the reasons stated in my dissenting

opinions in *People v Walter Johnson* 85 Mich App 654; 272 NW2d 605 (1978), *People v Mitchell,* 85 Mich App 757; 272 NW2d 601 (1978), and *People v Drake Johnson,* 85 Mich App 752; 272 NW2d 599 (1978).