PEOPLE v MITCHELL

Docket No. 77-4057. Submitted June 14, 1978, at Detroit.—Decided
     September 20, 1978. Leave to appeal applied for.

Robert L. Mitchell was convicted of assault with intent to rob
     while armed and possession of a firearm while in commision of
     or attempting to commit a felony, Wayne Circuit Court,
     Thomas Roumell, J. The defendant appeals, claiming that the
     felony-firearm statute in his case violated his guarantee against
     being twice placed in jeopardy for the same offense, that the
     prosecutor's closing arguments were improper and that the
     trial court's failure to give an instruction on lesser included
     offenses requires reversal. *Held:*

     1. The felony-firearm statute is not an unconstitutional viola-
     tion of the Federal and state double jeopardy clauses as applied
     to the defendant.

     2. The prosecutor's remarks were improper, but the defend-
     ant's failure to object during trial precludes reversal.

     3. Failure to request instructions on lesser included offenses
     generally bars relief.

     Affirmed.

     N. J. KAUFMAN, P. J., dissented. He would hold that the
     defendant was twice convicted by separate counts involving
     identical proofs and that, therefore, this defendant's constitu-
     tional guarantees against double jeopardy have been violated
     by the felony-firearm statute as applied to the facts of the case
     at bar. He would reverse the felony-firearm conviction.

OPINION OF THE COURT

1. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY—FEL-
     ONY—FIREARM—STATUTES.
     The felony-firearm statute is not an unconstitutional violation of

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 547.
[2] 75 Am Jur 2d, Trial §§ 317, 906–909.
[3] 75 Am Jur 2d, Trial § 877.
[4] 75 Am Jur 2d, Trial §§ 919–922.
[5] 21 Am Jur 2d, Criminal Law § 189.
[6] 21 Am Jur 2d, Criminal Law § 166.

the Federal and state double jeopardy clauses as applied to a defendant who has been convicted of 1) assault with intent to rob while armed and 2) possession of a firearm while in commission of or attempting to commit a felony arising out of the same incident, with the defendant receiving two consecutive sentences for the two convictions (MCL 750.227b; MSA 28.424[2]).

2. Criminal Law—Argument of Counsel—Curative Instructions
   —Preserving Issue.

   Reversible error does not result from a trial court's failure to give cautionary instructions to the jury in response to a prosecutor's allegedly improper closing argument where defense counsel neither objects to the closing argument nor requests a cautionary instruction and where appropriate instructions would cure any prejudice.

3. Criminal Law—Instructions to Jury—Lesser Included Offenses—Request for Instruction—Appeal and Error.

   A defendant's failure to request an instruction to the jury on lesser included offenses generally precludes the Court of Appeals from giving any relief for the alleged error.

Dissent by N. J. Kaufman, P. J.

4. Criminal Law—Instructions to Jury—Felony-Firearm—Curative Instruction.

   *An allegedly improper instruction to the jury wherein a trial judge instructed the jury that before the jury could convict a defendant on a charge of felony-firearm they must first find the defendant guilty of a first charge, assault with intent to rob while armed, did not result in reversible error where any error that may have resulted regarding the instruction was timely corrected by the trial court before the jury retired to deliberate.*

5. Criminal Law—Constitutional Law—Double Jeopardy—Felony-Firearm—Dual Convictions.

   *Conviction of a defendant on two counts, one for assault· with intent to rob while armed and one for felony-firearm arising out of the same incident, wherein the prosecution's responsibility is to prove the same elements for each offense, violates the prohibitions against double jeopardy embodied in the Federal and state constitutions.*

6. Constitutional Law—Double Jeopardy—Legislative Intent.

   *Guarantees in the United States and the Michigan Constitutions*

*against being twice put in jeopardy for a single offense cannot be overridden by the Legislature saying that it intends double convictions and double punishments for the same crime.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert M. Morgan,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: N. J. KAUFMAN, P. J., and BEASLEY and P. R. MAHINSKE,* JJ.

PER CURIAM. Defendant attempted to plead guilty to a two-count information involving a charge of assault with intent to rob while armed in violation of MCL 750.89; MSA 28.284, and possession of a firearm while in commission of or attempting to commit a felony in violation of MCL 750.227b; MSA 28.424(2).

The trial judge rejected the plea as being factually insufficient. The case then went to trial and the jury convicted defendant under both counts. After sentence to the mandatory two years under felony-firearm and, thereafter, not less than five nor more than ten years under assault with intent to rob while armed, defendant appeals as of right.

We find that defendant's claims of error are without merit. Three issues warrant comment.

We reject defendant's claim that the felony-firearm statute is an unconstitutional violation of the Federal and state double jeopardy clauses as applied to him in this case for the reasons set forth in *People v Walter Johnson.*[1]

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] 85 Mich App 654; 272 NW2d 605 (1978).

We agree with the dissent that the prosecutor's remarks, as quoted in the dissent, were improper, but that failure to object during trial precludes reversal now.[2]

We also agree with the dissent that failure in the trial court to request an instruction regarding lesser included offenses of assault with intent to rob while armed precludes reversal of the conviction and grant of a new trial.

As indicated, we believe defendant's other claims of error are without sufficient merit to reverse defendant's convictions.

Affirmed.

N. J. KAUFMAN, P.J. *(dissenting).* Defendant was convicted of assault with intent to rob while armed, MCL 750.89; MSA 28.284, and possession of a firearm while in the commission or attempt to commit a felony, MCL 750.227b; MSA 28.424(2). Sentenced to a term of from five to ten years imprisonment on the assault count, and to a mandatory term of two years imprisonment on the "felony-firearm" count, to run consecutively, defendant appeals as of right.

On appeal, defendant contends that the trial court coerced a verdict of guilty by instructing that "before however, you can find defendant guilty under this count, count two, you must first find him guilty of count one". Any error that may have resulted regarding the instruction noted above was timely corrected by the trial court before the jury retired to deliberate. No reversible error resulted.

Defendant also argues that the trial court reversibly erred by failing to instruct on any lesser included offenses of assault with intent to rob

---

[2] *People v Hall,* 396 Mich 650; 242 NW2d 377 (1976).

while armed. As no lesser included offenses were requested, relief is barred under *People v Henry,* 395 Mich 367; 236 NW2d 489 (1975).

Defendant also complains about the prosecutor's closing argument. Defendant argues that several statements made by the prosecutor to the jury resulted in a miscarriage of justice. Only one set of remarks merits discussion:

> *"[Mr. Seller, Assistant Prosecuting Attorney]* But if you believe that then find him not guilty. If you believe that you'll believe any story that any defendant has to offer and we might as well shut down the system until defendants are ready to take the witness stand and confess in open Court. Because that is what is required to get a conviction."

The clear implication of those statements to the jury is that they should convict to avoid the risk of weakening the legal system. The remarks of the prosecutor cannot be condoned. *People v Biondo,* 76 Mich App 155; 256 NW2d 60 (1977), *lv den,* 402 Mich 835 (1977), *People v Gloria Williams,* 65 Mich App 753; 238 NW2d 186 (1975). The prosecutor is admonished for resorting to such deliberately inflammatory tactics. Nevertheless, defense counsel did not object and did not request a cautionary instruction. We do not speculate on the reasons for such omission. In any event, defense counsel's inaction brings this case within the scope of *People v Hall,* 396 Mich 650; 242 NW2d 377 (1976). We are precluded from finding reversible error by the holding of that case.

Defendant's final argument is the most troublesome. Was defendant denied his constitutional guarantee of protection against double jeopardy where he was convicted of assault while armed with a dangerous weapon with intent to rob and

possession of a firearm during the commission of a felony?

Evaluating this case on its own facts, I note that the pertinent portion of the information reads as follows:

"COUNT I

"being armed with a dangerous weapon, or an article used or fashioned in a manner to lead a person assaulted reasonably to believe it to be a dangerous weapon, to-wit: *a R.G. Model R.C. 31, .38 caliber Special revolver, bearing serial 012077* did assault the above-named Complainant with intent to rob and steal; contrary to Sec. 750.89, M.C.L.A.

"COUNT II

"did then and there carry or have possession of a firearm, to-wit: *a R.G. Model R.C. 31, .38 caliber Special revolver bearing serial 012077* in the commission or attempt to commit a felony to-wit: Assault with intent to Rob being Armed, contrary to M.C.L.A. 750.227b." (Emphasis added.)

To satisfy its burden of proof as to Count I, the prosecution had to prove all of the elements of the felony, assault with intent to rob while unarmed (MCL 750.88; MSA 28.283) and the added element that defendant was armed with a revolver when the assault was committed. To satisfy its burden as to Count II, the prosecution had to prove that defendant was armed with a revolver at the time he committed a felony, the assault of complainant with intent to rob while armed. It may be seen that the prosecution's responsibility regarding Count I is identical to its responsibility regarding Count II.

Thus, in this case, defendant was convicted twice by separate counts involving identical proofs. Defendant's dual convictions violate the prohibition against double jeopardy embodied in the United

States Constitution and the Michigan Constitution. The procedure followed by the prosecution subjects defendant to the collateral consequences of multiple convictions. It also subjects him to multiple punishment for the same offense. Such a result cannot be constitutionally condoned. *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969), *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977), *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976).

I acknowledge that my decision would appear to ignore the clear intent of the Legislature. However, the mandates of the United States Constitution and the Michigan Constitution cannot be overridden by the Legislature saying "We intend double convictions and double punishments for the same crime".

Since I find that defendant's guarantees of protection against double jeopardy were violated *in this case,* I would vacate defendant's conviction on the "felony-firearm" count and order that charge dismissed and would affirm defendant's conviction for assault with intent to rob while armed.