## PEOPLE v DILLON

Docket No. 77-3329. Submitted August 31, 1978, at Lansing.—Decided December 8, 1978. Leave to appeal applied for.

Defendant, Samuel Dillon, was charged with armed robbery and possession of a firearm during the commission of a felony and pled guilty to the armed robbery in return for dismissal of the felony-firearm charge, dismissal of other, unrelated charges from a separate incident and a promise not to proceed against defendant as a habitual offender in the Ingham Circuit Court, Jack W. Warren, J. Defendant appeals alleging an illusory plea bargain and insufficient evidence to bind him over. *Held:*

1. Failure of a defendant to have raised the issue of the sufficiency of evidence to bind him over for trial constitutes a failure to preserve that issue for appeal.

2. Since the defendant could have been convicted of both charges, to plead to one charge in return for a dismissal of the felony-firearm charge did not constitute an illusory plea bargain.

Affirmed.

M. J. KELLY, P.J., dissented. He would hold that defendant may not have been properly convicted of both charges, would hold defendant's plea to have been involuntary and would reverse and remand for trial on the armed robbery charge alone.

### OPINION OF THE COURT

1. APPEAL AND ERROR—CRIMINAL LAW—EVIDENCE—PRELIMINARY EXAMINATION—SUFFICIENCY OF EVIDENCE—PRESERVING QUESTION.

The issue of the sufficiency of evidence produced at a defendant's preliminary examination must be raised at the trial court level to preserve it for appeal.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 449.

  5 Am Jur 2d, Appeal and Error §§ 607-611.

[2] 21 Am Jur 2d, Criminal Law § 188.

[3, 4] 21 Am Jur 2d, Criminal Law § 189.

2. CONSTITUTIONAL LAW—CRIMINAL LAW—DOUBLE JEOPARDY—ARMED ROBBERY—LEGISLATURE—FIREARMS—MINIMAL PUNISHMENT—FELONIES—SEPARATE STATUTES—STATUTES.

The double jeopardy clause does not prohibit a Legislature from amending an armed robbery statute, to add as a proviso that there be a minimal punishment where the dangerous weapon is a firearm, in order to make certainty of minimal punishment the standard where firearms are involved in the commission of felonies; and there is no double jeopardy impediment to the Legislature's attainment of this same goal by a separate statute making it a felony to possess a firearm at the time of the commission of any felony not explicitly excluded by the statute (MCL 750.227b; MSA 28.424[2]).

3. CRIMINAL LAW—FELONIES—FELONY-FIREARM—LEGISLATIVE INTENT —TWO CONVICTIONS—MULTIPLE PUNISHMENT—STATUTES.

The Legislature has clearly provided for two convictions and a minimum two-year sentence where a person commits or attempts to commit a felony, not expressly excluded in the felony-firearm statute, while in possession of a firearm; since the legislative intent is clear, there can be no multiple punishment problem, or possibility of the court cumulating punishment, where a defendant is convicted of armed robbery and possession of a firearm during the commission of the robbery (MCL 750.227b; MSA 28.424[2]).

DISSENT BY M. J. KELLY, P.J.

4. CRIMINAL LAW—CONSTITUTIONAL LAW—DOUBLE JEOPARDY—FELONY-FIREARM—DUAL CONVICTIONS.

*Conviction of a defendant on two counts, one for armed robbery and one for felony-firearm arising out of the same incident, wherein the prosecution's responsibility is to prove the same elements for each offense violates the prohibitions against double jeopardy embodied in the state and Federal constitutions.*

Frank J. Kelley, Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, and *Michael G. Woodworth,* Chief Appellate Attorney, for the people.

Barry F. DeVine, for defendant on appeal.

Before: M. J. KELLY, P.J., and BEASLEY and CYNAR, JJ.

CYNAR, J. Defendant was charged in a two-count information with armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). On June 6, 1977, he pled guilty to the armed robbery charge in return for a promise to dismiss the felony-firearm charge and other charges arising out of a separate, unrelated incident and a promise not to proceed against defendant as a habitual offender. On July 8, 1977, defendant was sentenced to a term of 10 to 20 years imprisonment. He now appeals as a matter of right.

Defendant first contends that there was insufficient evidence to bind him over on the felony-firearm charge. This issue was not raised before the Circuit Court judge and therefore, is not properly before this Court. *People v McIntyre,* 74 Mich App 661, 664-665; 254 NW2d 603 (1977). Furthermore, the complaining witness's testimony that a pistol was used to effect the robbery is sufficient to support the bindover.

Defendant next contends that the felony-firearm statute, MCL 750.227b; MSA 28.424(2), is unconstitutional as a violation of double jeopardy. This issue has recently engendered considerable controversy and has led to a split of opinion within this Court. Compare *Wayne County Prosecutor v Recorder's Court Judge,* 85 Mich App 727; 272 NW2d 587 (1978), and *People v Gary Hughes,* 85 Mich App 674; 272 NW2d 567 (1978). We are of the opinion that the view expressed in *People v Gary Hughes* is the better reasoned analysis. The Legislature, not the judiciary, is the proper body to define crimes and fix punishments. *Brown v Ohio,* 432 US 161, 165;

97 S Ct 2221, 2225; 53 L Ed 2d 187 (1977). When it appears that the Legislature did not intend a defendant to be cumulatively punished for different aspects of the same act, cumulative punishment is inappropriate. *Simpson v United States,* 435 US 6; 98 S Ct 909; 55 L Ed 2d 70 (1978). In addition, certain presumptions have arisen in favor of defendants when the Legislative intent is unclear. See *People v Robinson,* 80 Mich App 559, 566; 264 NW2d 58 (1978).

However, in those situations where the Legislature intended that a defendant be punished for different aspects of the same act, the double jeopardy clause has not been used as a bar to such punishment.

In the present case the Legislature clearly intended that a defendant who possesses a firearm during the course of a felony be punished for both the felony and the possession of the firearm. This intent is evidenced by the consecutive sentencing requirement and the mandatory two-year sentence for the possession of the firearm. Although the statutory goal might better have been accomplished by enacting a sentence-enhancement scheme similar to that of the habitual offender act, MCL 769.10-769.13; MSA 28.1082-28.1085, the failure to draft the felony-firearm statute in such a manner does not render it constitutionally infirm. See *Gore v United States,* 357 US 386, 392-393; 78 S Ct 1280; 2 L Ed 2d 1405 (1958). Therefore, we concur with other panels of this Court and uphold the validity of the felony-firearm statute. See *People v Gary Hughes, supra* and *People v Walter Johnson,* 85 Mich App 654; 272 NW2d 605 (1978). Since defendant could have been convicted of both charges in the information, his plea to one charge in return for dismissal of the other does not constitute an illusory plea bargain.

Affirmed.

BEASLEY, J., concurred.

M. J. KELLY, P.J. *(dissenting).* I dissent for the reasons cited in Judge KAUFMAN's dissent in *People v Drake Johnson,* 85 Mich App 752; 272 NW2d 599 (1978), and in *People v Mitchell,* 85 Mich App 757; 272 NW2d 601 (1978).

I believe two convictions on identical proofs through the use of separate counts violates the prohibition against double jeopardy in the Michigan and Federal Constitutions. I would find defendant's guilty plea involuntary, set it aside and remand for trial on the armed robbery charge only.