PEOPLE v HUNT

Docket No. 77-4138. Submitted October 4, 1979, at Detroit.—Decided November 21, 1979. Leave to appeal applied for.

James A. Hunt was convicted of attempted breaking and entering of an occupied dwelling with intent to commit a larceny therein and of possession of a firearm in the commission of a felony, Recorder's Court of Detroit, Joseph E. Maher, J. Defendant appeals, alleging that the trial court erred by refusing defense counsel's request to instruct the jury that the defendant could not be convicted of the felony-firearm offense if he were acquitted of the underlying felony. *Held:*

A defendant cannot be convicted of felony-firearm unless he is also convicted of the underlying felony, and refusal to give the proper instruction when requested is error. In this case the error does not warrant reversal, however, because the jury convicted the defendant of both offenses.

Affirmed.

1. CRIMINAL LAW — FELONY-FIREARM — UNDERLYING FELONY — STATUTES.

A defendant cannot be convicted of possession of a firearm during the commission of a felony unless he is also convicted of the underlying felony (MCL 750.227b; MSA 28.424[2]).

2. TRIAL — INSTRUCTIONS TO JURY — REQUEST FOR INSTRUCTIONS.

It is error for a trial court to refuse to give a proper jury instruction when requested.

3. TRIAL — INSTRUCTIONS TO JURY — COERCIVE INSTRUCTIONS.

An instruction to the jury may not be coercive.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 183.
[2] 75 Am Jur 2d, Trial §§ 588, 589.
[3] 76 Am Jur 2d, Trial § 1055 *et seq.*

Attorney, Appeals, and *Paul C. Louisell,* Assistant Prosecuting Attorney, for the people.

*Norman R. Robiner,* for defendant on appeal.

Before: T. M. BURNS, P.J., and BRONSON and R. M. MAHER, JJ.

PER CURIAM. The defendant was convicted by a jury of attempted breaking and entering of an occupied dwelling with intent to commit larceny therein, MCL 750.110; MSA 28.305, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to a term of 3 to 5 years imprisonment on the attempted breaking and entering, and to a consecutive 2-year term on the felony firearm count. The defendant appeals as of right.

The sole issue raised on appeal involves the jury instructions on the felony firearm charge. The trial court refused the request by defense counsel to instruct the jury that if they acquit the defendant of the underlying felony count, they cannot convict the defendant of felony firearm.

This was erroneous because the language of the statute, MCL 750.227b; MSA 28.424(2), indicates that a defendant cannot be convicted of felony firearm unless he is also convicted of the underlying felony. A trial court's refusal to give a requested proper instruction is erroneous. *People v Hansma,* 84 Mich App 138, 145; 269 NW2d 504 (1978).

However, this does not constitute reversible error. In the instant case, the jury convicted the defendant of both counts. The trial court's refusal to give the requested charge was at most harmless

error under these circumstances. See *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972).

We recognize that there is no standard jury instruction on this matter, and address the issue because of the likelihood of its recurrence. A jury instruction must not be coercive, so as to avoid the problem encountered in *People v Mitchell,* 85 Mich App 757, 760; 272 NW2d 601 (1978) (dissent by N. J. KAUFMAN, P.J.).[1]

With respect to verdicts on the underlying felony and felony firearm, we suggest the following instruction:

"You may convict or acquit the defendant on Count I—the underlying felony.

"You may convict or acquit the defendant on Count II—felony firearm.

"You may convict the defendant of Count I and acquit him of Count II if you find that defendant did not use a gun in perpetrating the offense charged in Count I.

"However, you may not convict the defendant of Count II and acquit him of Count I. A defendant is not guilty of felony firearm unless he is also guilty of the underlying felony."[2]

Affirmed.

---

[1] Judge KAUFMAN's dissent in *People v Mitchell, supra,* 760, notes that the trial court instructed the jury that "before however, you can find defendant guilty under this count, count two, you must first find him guilty of count one". This was deemed impermissibly coercive. However, the trial court in *Mitchell* corrected the instruction before the jury retired to deliberate, rendering the instruction harmless error.

[2] If the trial judge charges the jury on lesser included offenses, the language should reflect that fact as follows:

"You may not convict the defendant of Count II and acquit him of Count I, the charged felony, or of all of the lesser included offenses on which you have been charged. A defendant is not guilty of felony firearm unless he is guilty of some underlying felony."