PEOPLE v RICHARD JOHNSON

Docket No. 78-3007. Submitted November 14, 1979, at Lansing.— Decided December 18, 1979.

Richard J. Johnson was convicted, on his plea of guilty, of armed robbery and, in a bench trial, of felonious assault, Wayne Circuit Court, Victor J. Baum, J. The defendant appeals, alleging that both convictions arose out of the same incident and that, therefore, his constitutional protection against double jeopardy was violated. *Held:*

1. The defendant did not raise the issue before or during trial. Normally this would waive the defendant's claim that his protection against double jeopardy was violated. However, since the record contains no evidence of an intentional abandonment of the double jeopardy claim and since there is a need for clarification of this issue, the defendant's claim will be examined.

2. The guarantee against double jeopardy ensures that a defendant will not be tried twice for the same offense or be tried twice for different offenses arising from one incident. However, this guarantee does not operate to bar the prosecution of two dissimilar offenses that occur at separate times. In the case at bar, the defendant committed an armed robbery with a butcher knife and a few minutes later the defendant committed a felonious assault by striking the complainant. Each offense was a distinct offense merely arising out of the same transaction. Because of the chronology of events and the factual distinctions the defendant was not twice placed in jeopardy for the same offense.

3. There was no violation of the rule which requires the prosecution to join in one prosecution all charges arising out of one episode. The fact that the defendant chose to plead guilty

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 475.

[2] 21 Am Jur 2d, Criminal Law §§ 166, 185.
    Limitations under double jeopardy clause of Fifth Amendment upon state criminal prosecutions—Supreme Court cases. 25 L Ed 2d 968.

[3] 21 Am Jur 2d, Criminal Law §§ 182, 183.

to the armed robbery count before proceeding to trial on the assault charge does not undermine the prosecutor's satisfaction of consolidation standards.

Affirmed.

1. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — PRESERVING QUESTION — ABANDONMENT OF ISSUE — APPEAL AND ERROR.

A claim of a violation of the protection against double jeopardy is waived if the issue is not raised before or during trial; however, where the record contains no evidence of a defendant's intentional abandonment of the constitutional guarantee against double jeopardy, the claim may be heard on appeal.

2. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MULTIPLE PROSECUTIONS — SINGLE INCIDENT.

The Fifth Amendment protection against double jeopardy, which functions as a check on the Federal system, also extends to the states through the Fourteenth Amendment; this guarantee ensures that a defendant will not be tried twice for the same offense or be tried twice for different offenses arising from one incident.

3. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — DISSIMILAR OFFENSES.

The constitutional prohibition against double jeopardy does not operate to bar prosecution of two dissimilar offenses that occur at separate times; even if the offenses share common elements or one constitutes a lesser offense of the other, there is no violation based on double prosecution if one crime is complete before the other takes place.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Michael D. Lehto,* Assistant Prosecuting Attorney, for the people.

*Ronald J. Bretz,* Assistant State Appellate Defender, for defendant on appeal.

Before: BRONSON, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant was plea-convicted of armed robbery, contrary to MCL 750.529; MSA 28.797, and convicted subsequently, at a bench trial, of felonious assault,[1] contrary to MCL 750.82; MSA 28.277. He was sentenced to 15 to 30 years on the first charge and 40 to 60 months on the second one. Defendant now appeals as of right.

Defendant's sole contention on appeal is that his convictions for two offenses arising out of the same transaction violate the prohibition against double jeopardy. He claims that he is being punished twice for the same offense, essentially the assault inherent in both armed robbery and felonious assault.

We note initially that defendant's objection was not raised before or during trial. Under such circumstances, a double jeopardy claim may be waived. *People v McDonald,* 306 Mich 65, 67-68; 10 NW2d 309 (1943), *People v Charles Johnson,* 62 Mich App 240, 243; 233 NW2d 246 (1975). However, since the record contains no evidence of an intentional abandonment of the double jeopardy protection and since there is a need for clarification of this issue, we will examine defendant's claim. *People v Jones,* 75 Mich App 261, 270-271; 254 NW2d 863 (1977). See also, *People v Cooper,* 398 Mich 450; 247 NW2d 866 (1976).

The Fifth Amendment protection against double jeopardy, which functions as a check on the Federal system, also extends to the states through the Fourteenth Amendment. *Benton v Maryland,* 395 US 784; 89 S Ct 2056; 23 L Ed 2d 707 (1969). This guarantee ensures that a defendant will not be tried twice for the same offense or be tried twice for different offenses arising from one incident. See

---

[1] Defendant was originally charged with assault with intent to murder, contrary to MCL 750.83; MSA 28.278.

*North Carolina v Pearce,* 395 US 711, 717; 89 S Ct 2072; 23 L Ed 2d 656 (1969), *People v White,* 390 Mich 245, 254; 212 NW2d 222 (1973).

The double jeopardy prohibition does *not* operate to bar prosecution of two dissimilar offenses that occur at separate times. In *People v Noth,* 33 Mich App 18; 189 NW2d 779 (1971), the defendant was convicted of rape and manslaughter. After noting that the latter offense was completed before the former ever took place, the Court commented:

"In logic and in law, it matters not that the interval between the two offenses was five or ten minutes, five or ten days, or five or ten weeks. The Fifth Amendment is not, in our view, a *carte blanche* to commit a separate offense in immediate proximity in point of time and place to another separate offense. Defendant cannot escape prosecution for the later separate offense." *Noth, supra,* at 29.

Even if the offenses share common elements or one constitutes a lesser offense of the other, there is no violation based on double prosecution if one crime is complete before the other takes place. See *People v Jones, supra.*

In the instant case, defendant committed an armed robbery with a butcher knife, to which he pled guilty prior to trial. A few minutes later, the defendant committed a felonious assault by striking the complainant on the shoulder, an offense which he was found guilty of at a bench trial. The latter assault did not form the basis for the prior robbery charge; each was a distinct offense merely arising out of the same transaction. In light of this chronology and the factual distinctions, we conclude that defendant was not twice placed in jeopardy for the same offense.

Further, there has been no violation of the

"same transaction" rule as enunciated in *White, supra.* Under this test, all offenses arising out of one episode must be joined in one prosecution. This requirement was fully complied with in the case *sub judice.* The fact that defendant chose to plead guilty to the armed robbery count before proceeding on the assault charge does not undermine the prosecutor's satisfaction of consolidation standards.

Affirmed.