PEOPLE v YARBROUGH

*Docket No. 48975. Submitted April 7, 1981, at Grand Rapids.—Decided June 17, 1981.*

Perry M. Yarbrough was convicted of armed robbery, felonious assault, and posession of a firearm during the commission of a felony, Kent Circuit Court, George R. Cook, J. He appeals, alleging that his convictions for both armed robbery and felonious assault violated his right against being placed twice in jeopardy and that the trial court's instruction on the elements required for conviction on the felony-firearm charge was deficient. *Held:*

1. Assault while being armed with a dangerous weapon is an included offense of armed robbery and should be punished separately only where it clearly can be established that the offenses occurred at separate times. The record reveals that the victim did not suffer an assault separate from the armed robbery. Thus, defendant's conviction for felonious assault must be vacated.

2. The record reveals that the trial court's instructions contained all the requisite elements of the felony-firearm offense.

*Affirmed in part and reversed in part.*

1. CRIMINAL LAW — DOUBLE JEOPARDY — MULTIPLE OFFENSES.

A defendant's right not to be placed twice in jeopardy is not violated where he is prosecuted for multiple offenses arising out of one transaction, even where the offenses share common elements or one constitutes a lesser offense of the other, where one crime is complete before another takes place.

2. CRIMINAL LAW — ARMED ROBBERY — FELONIOUS ASSAULT — MULTIPLE PUNISHMENT — STATUTES.

A felonious assault utilized to accomplish an armed robbery is factually included within it and should be separately punished

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d (Rev), Criminal Law §§ 206, 277, 279.
[2] 21 Am Jur 2d (Rev), Criminal Law §51.
[3] 5 Am Jur 2d, Appeal and Error §§ 623, 891.

only where it clearly can be established that the offenses occurred at separate times (MCL 750.529; MSA 28.797).

3. Criminal Law — Jury Instructions — Appeal.

Error in a trial court's instruction to a jury in a criminal trial should not result in reversal on appeal absent a request for an instruction or an objection to an instruction as given during trial unless the instruction omits an essential element of the offense charged.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: MacKenzie, P.J., and V. J. Brennan and M. F. Cavanagh, JJ.

Per Curiam. On August 22, 1979, defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, felonious assault, MCL 750.82; MSA 28.277, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to the mandatory two-year term on the felony-firearm conviction to be served prior to concurrent sentences of from 8 to 20 years on the armed robbery conviction and from 2 to 4 years on the felonious assault conviction. He appeals as of right.

The first issue is whether, on the facts of this case, defendant's convictions of both armed robbery and felonious assault are in violation of the Double Jeopardy Clause. Complainant testified that at around dusk on November 29, 1978, defendant approached her as she was getting into her car in a parking lot in Grand Rapids. According to complainant, defendant stopped two to three feet from her, said, "This is a stick up", and reached

his open right hand to his nose. Thinking he was kidding, complainant said that she stared at defendant momentarily. Complainant stated that defendant then said, "Give me your purse". When she still hesitated in disbelief and because her hands were full of books, complainant stated that defendant suddenly pulled his left hand from his pocket, said, "I've got a gun", and pointed a small metal object at her. Complainant said that she thought that it was a very small gun. Then complainant testified:

"Things went very quickly at that point. The next thing I remember, there was a blow to my head, my forehead. Then immediately there was another one to my cheek, eye, right here. Almost simultaneously with the blows I felt a tugging on my arm, and I felt myself bending over, and a tugging on my arm. And the seconds were going fast here, and then all of a sudden I felt myself being shoved, and I fell back against the brick wall of the building."

The prosecution contends that defendant committed two distinct assaults upon complainant, first by pointing a gun at her and secondly by using the gun to beat her about the head while stealing her purse. Under this theory, the first assault constituted the basis for defendant's felonious assault conviction, and the second assault supplied the assault element of his armed robbery conviction. The prosecution argues that, as the assaults did not occur simultaneously, defendant's double jeopardy argument must fail under *People v Richard Johnson,* 94 Mich App 388; 228 NW2d 436 (1979).

In *Johnson,* The Court held that, on the facts of that case, defendant's right against multiple prosecution and punishment for one offense was not

violated by his convictions of armed robbery and felonious assault. Citing *People v Jones,* 75 Mich App 261, 270-271; 254 NW2d 863 (1977), the Court recognized the following rule:

"Even if offenses share common elements or one constitutes a lesser offense of the other, there is no violation based on double prosecution if one crime is complete before the other takes place." *Johnson, supra,* 391.

In *Johnson,* defendant first committed an armed robbery with a butcher knife. A few minutes later, defendant committed a felonious assault by striking the same complainant on the shoulder.

The crucial distinction herein is that from the time defendant pointed the gun at complainant saying "This is a stick up", through his actions in beating her and shoving her against the wall, he was attempting to take her purse from her. Thus, neither of the two alleged assaults was complete before the robbery began. Nor was the robbery complete prior to the pointing of the gun or the beating. We conclude that complainant was the victim of a continuing assault during an armed robbery.

The elements of armed robbery under MCL 750.529; MSA 28.797 include an assault while being armed with a dangerous weapon. Thus, in an armed robbery, a felonious assault utilized to accomplish the larceny factually is included within the greater charge. See *People v Jankowski,* 408 Mich 79; 289 NW2d 674 (1980). *People v Hale (On Remand),* 103 Mich App 273; 303 NW2d 17 (1981). The notion that the Legislature did not intend to punish such an assault as a separate offense where injury is inflicted but to provide for a greater penalty for armed robbery is supported by the

following language from the armed robbery statute:

"If an aggravated assault or serious injury is inflicted by any person while committing an armed robbery as defined in this section, the sentence shall be not less than 2 years' imprisonment in the state prison."

This Court has held that assault is an included offense of armed robbery, *People v Johnson*, 90 Mich App 415, 421; 282 NW2d 340 (1979), *People v Thomas Jones*, 48 Mich App 470, 474-475; 210 NW2d 497 (1973), *People v Henderson*, 22 Mich App 128; 177 NW2d 254 (1970), *People v Norman*, 14 Mich App 673; 166 NW2d 9 (1968). In summary, an assault should be punished as an offense separate from armed robbery only where it can clearly be established that the offenses occurred at separate times. On the facts herein, defendant's right against double jeopardy was violated by his convictions of both crimes. Therefore, his felonious assault conviction must be vacated.

Next, defendant contends that the following instruction on the elements of felony-firearm was deficient:

"If you find that a handgun was used in the commission of a felony beyond a reasonable doubt, you may find defendant guilty of that charge."

Both the prosecutor and defense counsel agreed on the record that the instruction was adequate to inform the jury of the elements of the offense under MCL 750.227b; MSA 28.424(2) which provides, in pertinent part, as follows:

"(1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a

felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this section, the person shall be imprisoned for 10 years." (Footnote omitted.)

At the time of trial, CJI 11:9:01 had not yet been adopted. That instruction reads as follows:

"(1) If you find that the defendant committed or attempted to commit the crime of [state felony or felonies charged in earlier count or counts], then you must further consider whether or not he was carrying a firearm or had one in his possession at that time.

"(2) This is a second count or crime charged against the defendant.

"(3) The defendant pleads not guilty to this charge. To establish this charge the prosecution must prove each of the following beyond a reasonable doubt:

"(4) First, that the defendant committed or attempted to commit the crime of [state felony or felonies charged in earlier count or counts], as has been explained to you.

"(5) Second, that at the time he committed or attempted to commit that crime [either of those crimes] he was knowingly carrying a firearm or knowingly had a firearm in his possession.

"(6) It does not matter whether the firearm was loaded or unloaded. [Optional—to be given where clarifying instruction is warranted.]

"(7) [A firearm includes any weapon from which a dangerous object may be shot or propelled by the use of explosives, gas or air.]

"(8) [Alternate] [A pistol is a firearm.]

"(9) [A firearm does not include smooth bore rifles or handguns designed and manufactured exclusively for shooting BBs not exceeding .177 calibre by means of spring, gas or air.]"

Absent a request or objection, error in the in-

structions of the trial court will not result in reversal unless the charge omits an essential element of the offense. *People v Elmore,* 94 Mich App 304, 307; 288 NW2d 416 (1979), *People v Ashford,* 91 Mich App 693, 697; 283 NW2d 830 (1979).

The instruction given informed the jurors that if they found beyond a reasonable doubt that (1) defendant committed a felony and (2) he used a handgun during the commission of that felony they could convict him of the additional offense of felony-firearm.

Failure to identify the felony-firearm count with a specific felony or to tell the jury that they could not find defendant guilty of felony-firearm unless they found that he had committed another felony does not constitute error requiring reversal since the jury convicted defendant of both underlying felonies charged. *People v Hunt,* 94 Mich App 1; 287 NW2d 10 (1979). Our ultimate determination that conviction of both underlying felonies violated defendant's right against double jeopardy does not not change this result. As discussed *supra,* we concluded that defendant committed the assault simultaneously with the armed robbery and that the lesser offense merged into the greater. In light of that conclusion, it would be anomalous to hold that defendant possessed the gun during the assault but not during the robbery. We disagree with defendant's premise that the Michigan Supreme Court's opinion in *People v Vaughn,* 409 Mich 463; 295 NW2d 354 (1980), implicitly overrules *Hunt. Vaughn* merely recognizes that a conviction of felonious assault and acquittal of felony-firearm do not necessarily add up to inconsistent verdicts. In the case at bar, the instruction was phrased permissively, *id est,* it informed the jurors that they "may convict" defendant of the additional offense

if they found the requisite elements. Therefore, the jury was not coerced to convict on the felony-firearm charge by virtue of either of the underlying charges.

The trial court's instructions on felonious assault adequately defined a firearm as "[a] gun, revolver or pistol * * *". Defendant does not suggest that he pointed a BB gun at complainant. It is true that the court's instructions did not state that defendant must have "knowingly possessed" a firearm during commission of a felony. However, in instructing that defendant must have *used* a firearm during a felony, the court required a higher standard to convict defendant than does the statute. "Use" of a firearm implies knowing possession. Any error was harmless. In summary, the court's instructions considered as a whole contained all the requisite elements of the offense.

Affirmed as to the armed robbery and felony-firearm convictions. The felonious assault conviction is vacated.