PEOPLE v HARDIMAN

PEOPLE v WALLACE

Docket Nos. 66933, 67343. Submitted November 10, 1983, at Grand
    Rapids.—Decided February 21, 1984.

Elbert Hardiman, Jr., and Richard J. Wallace were convicted of
    breaking and entering with the intent to break and enter,
    breaking and entering with the intent to commit larceny, and
    possession of burglary tools by a jury in Kent Circuit Court.
    Defendant Hardiman was subsequently convicted of being a
    third-felony offender and was sentenced to three terms of from
    10 to 20 years imprisonment, Stuart Hoffius, J. Defendant
    Wallace was subsequently convicted of being a second-felony
    offender and was sentenced to three terms of from 2 to 15 years
    imprisonment, Stuart Hoffius, J. Each defendant's sentences
    are to be served concurrently. Both defendants appeal. The
    appeals have been consolidated. *Held:*

    1. Defendants' convictions for breaking and entering with the
    intent to commit breaking and entering must be reversed
    because no such crime exists in Michigan.

    2. Any error which may have resulted because of the prose-
    cutor's repeatedly asking questions which concerned allegedly
    inadmissible evidence was clearly harmless beyond a reason-
    able doubt.

    3. Defendant Hardiman was not prejudiced in his defense by
    the trial court's decision to permit amendment of a supplemen-
    tal information to correctly date one of his former convictions.

    4. Defendant Hardiman's sentences were within legal limits.

    Defendants' convictions and sentences for breaking and en-
    tering with the intent to break and enter are reversed. Defen-
    dants' remaining convictions and sentences are affirmed.

1. CRIMINAL LAW — MOTION TO QUASH — NONEXISTENT CRIME.
    A motion to quash an information or charge is always timely

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indictments and Informations § 286.
[2] 4 Am Jur 2d, Appeal and Error § 164.

where the information charges no crime; in such case, the court lacks jurisdiction to try the accused.

2. CRIMINAL LAW — MOTION TO AMEND INFORMATION — APPEAL — PREJUDICE.

A trial court's ruling on a motion to amend an information will not be reversed on appeal unless the defendant is prejudiced in the presentation of his defense.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*George S. Buth,* for defendants on appeal.

Before: ALLEN, P.J., and R. M. MAHER and R. H. BELL,* JJ.

PER CURIAM. Following a jury trial in the Kent County Circuit Court, defendants were convicted of breaking and entering with the intent to break and enter, the information referring to MCL 750.110; MSA 28.305 (Count I), breaking and entering with the intent to commit larceny, MCL 750.110; MSA 28.305 (Count II), and possession of burglary tools, MCL 750.116; MSA 28.311 (Count III). Thereafter, defendant Hardiman was convicted by a jury of being a third-felony offender, MCL 769.11; MSA 28.1083 and MCL 769.13; MSA 28.1085, and defendant Wallace was convicted of being a second-felony offender, MCL 769.10; MSA 28.1082 and MCL 769.13; MSA 28.1085. Hardiman was sentenced to serve three terms of from 10 to 20 years imprisonment, and Wallace was sentenced to serve three terms of from 2 to 15 years imprisonment. Each defendant's sentences are to

* Circuit judge, sitting on the Court of Appeals by assignment.

be served concurrently. Defendants appeal as of right.

A brief summary of the basic facts resulting in the convictions follows. Defendants entered a vacant, burned-out building at 721 Cherry, S.E., in Grand Rapids where they proceeded to break a hole into a common wall which this building shared with a convenience store. At the time they were apprehended, the hole in the wall was approximately one foot high and two feet wide. A machete, a hammer, and a lug wrench were found on the floor near defendants. When defendants were apprehended, they were wearing socks on their hands.

Defendants first contend that their convictions for breaking and entering with the intent to commit breaking and entering must be reversed because no such crime exists in Michigan. We agree. Felony breaking and entering pursuant to MCL 750.110; MSA 28.305 requires proof that the actor intended "to commit any felony, or any larceny therein". Here, the prosecution failed to specify in Count I any intent except the intent to break and enter. Under MCL 750.115; MSA 28.310, breaking and entering without permission is a misdemeanor, and a defendant may not be convicted of a felony breaking and entering because he intended to commit a misdemeanor inside the building. Where an information charges no crime, the court lacks jurisdiction to try the accused, and a motion to quash the information or charge is always timely. *People v Calvin,* 60 Mich 113, 119-120; 26 NW 851 (1886).

The prosecution argues, however, that it is clear that Count I really charged defendants with breaking and entering with the intent to commit larceny and any defect in the information was merely

technical. Even were we to accept this argument, we would reverse the Count I breaking and entering conviction. From the evidence adduced at trial, it is clear that defendants intended to commit a single larceny in the party store and did not intend to commit a larceny in the vacant, burned-out building. Therefore, as defendants contend, Counts I and II of the information would be duplicative and convictions for multiple breaking and entering offenses violative of the prohibition against double jeopardy were we to treat each count as charging breaking and entering with the intent to commit larceny. *Cf. People v Leverette,* 112 Mich App 142; 315 NW2d 876 (1982) (where there is only one act of taking, the prohibition against double jeopardy precludes convictions for both unarmed robbery and unlawfully driving away an automobile), and *People v Yarbrough,* 107 Mich App 332; 309 NW2d 602 (1981) (convictions for armed robbery and felonious assault were impermissible where neither of two felonious assaults were completed prior to the consummation of the robbery).

Defendants next assert that their convictions must be reversed because the prosecutor committed misconduct by repeatedly asking questions which concerned inadmissible evidence. Assuming, *arguendo,* that the questions in issue were improper, they were clearly harmless beyond a reasonable doubt. *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972).

The remaining two issues are raised only by defendant Hardiman by way of a supplemental brief submitted *in propria persona.* Defendant first contends that the trial court erred in allowing the prosecution to amend the supplemental information during trial to correctly date one of his

former convictions as February 15, 1974, rather than February 13, 1975, as charged. The trial court's ruling on a motion to amend an information will not be reversed on appeal unless the defendant is prejudiced in the presentation of his defense. *People v Mahone,* 97 Mich App 192, 195; 293 NW2d 618 (1980). Here, when defense counsel complained that he was prepared to defend against a 1975 robbery conviction, and not a 1974 conviction, the prosecution suggested a continuance. Defendant, however, did not respond to this suggestion. Moreover, as the trial court noted, the supplemental information correctly listed the case number and nature of the conviction in dispute. We are not persuaded that defendant was prejudiced in his defense by the court's decision to permit amendment of the supplemental information.

Defendant also contends that the trial court erred by imposing sentences in excess of those prescribed by statute. While the sentences would be invalid if, as defendant contends, he were sentenced for the substantive offenses of breaking and entering with intent to commit larceny and possession of burglary tools, he was in fact sentenced as a third-time felony offender. Under those circumstances, the sentences were within legal limits. MCL 769.11; MSA 28.1083.

Defendants' convictions and sentences for breaking and entering with the intent to break and enter are reversed. Defendants' remaining convictions and sentences are affirmed.